## LURIA v. CUSICK et al.

### (Supreme Court, Appellate Term.   April 24, 1905.)

1. BLASTING—NEGLIGENCE—EVIDENCE—SUFFICIENCY.
   Evidence in an action for injuries to a building, caused by blasting on adjacent property, examined, and *held* not to show actionable negligence on defendant's part.
2. SAME—EVIDENCE—ADMISSIBILITY.
   In an action for injuries to a building caused by defendant while blasting on adjacent property, evidence showing the manner in which defendant conducted the blasting operations some weeks after the injury was inadmissible.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Arthur S. Luria against James F. Cusick and another. From a judgment for plaintiff, defendants appeal.   Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Franc, Neuman & Newgass (Frederick F. Neuman, of counsel), for appellants.

Daniel C. Beerman (David Murray, of counsel), for respondent.

SCOTT, P. J.   We cannot escape the conclusion, after carefully examining this unusually long record, that the judgment in favor of plaintiff is clearly contrary to the weight of the relevant evidence. The plaintiff is the owner of an apartment house on 116th street. The defendants were the contractors employed by the owner of the property in the rear to blast out his lot.   The action is for the damage alleged to have been done to plaintiff's property as the result of the concussion produced by defendants' blasting operations.   No claim is made for any physical trespass upon plaintiff's property. It may be conceded as established by the evidence that the concussion did some damage to plaintiff's property, possibly to the extent of the judgment, although there is evidence to show that there had been defects in the construction of the building, which made it more susceptible to injury from such a cause than it would otherwise have been.   The crucial question in an action like the present is whether or not the defendant has caused the damage by negligence in the manner of prosecuting his work.   Booth v. R. W. & O. R. R. Co., 140 N. Y. 267, 35 N. E. 592, 24 L. R. A. 105, 37 Am. St. Rep. 552; Holland House v. Baird, 169 N. Y. 136, 62 N. E. 149.   At the close of the plaintiff's case he had made no proof of such negligence, and the defendants' motion for a dismissal might well have been granted.   The defendants, however, did not elect to rest upon their exception to the denial of their motion, but undertook to affirmatively show that they had not been negligent.   It was clearly shown, in the first place, that they had employed competent and experienced superintendent and foreman; so that negligence is not to be imputed to them on this score.   The evidence drawn from defendants' expert witnesses, including, be-

sides the superintendent and foreman, an inspector from the bureau of combustibles and an expert and apparently disinterested contractor experienced in blasting work, was to the effect that defendants had kept well within the law regulating blasting in this city, and had used all due and requisite precautions to minimize, so far as reasonably possible, the danger of injury to adjacent property. The witnesses who testified to the contrary on behalf of plaintiff, save one, showed little expert or practical knowledge of the art of blasting, had had small personal experience, and no actual knowledge of the manner in which this particular work had been done prior to the date fixed in the complaint as that on which the damage was done. The one witness for plaintiff who could properly lay claim to expert knowledge concerning the art of blasting knew nothing from personal observation concerning the manner in which defendants had carried on the work, and merely answered hypothetical questions as to the manner in which such work ought to be done. The results to the plaintiff were undoubtedly unfortunate, but the defendants are not to be charged therewith unless the injuries can be traced to their negligence, and the burden of doing this rested on plaintiff. The plaintiff was permitted, under proper objection and exception, to show the manner in which defendants conducted their blasting operations some weeks after the date on which it is alleged that the injury was produced. This was clearly irrelevant, and yet it constitutes the only knowledge of the actual operations which plaintiff's experts had. With this evidence excluded, as it should have been, the plaintiff's case would have been entirely lacking in proof that the damage to his property in June had resulted from negligent blasting.

Judgment reversed, and new trial granted, with costs to appellants to abide the event. All concur.